REQUESTED BY: Senator Don Wesely 1402 State Capitol Lincoln, NE 68509
Dear Senator Wesely:
We are responding to your request concerning the application of the amendments to Neb.Rev.Stat. §48-1102 and 48-1114, as a result of the passage of LB 324. In particular, the bill provides that it is an unlawful employment practice for an employer, employment agency, or labor organization to discriminate against an individual because that individual has "opposed any practice or refused to carry out any action unlawful under the laws of the United States or this State."
The amendments to the above referenced statutes codify an exception to the "employment at will" rule. "The general rule is that when the employment is not for a definite term, and there are no contractual or statutory restrictions upon the right of discharge, an employer may lawfully discharge an employee whenever and for whatever cause he chooses, without incurring liability. Mau v. Omaha National Bank,207 Neb. 308, 299 N.W.2d 147 (1980). However, in that same case, the Nebraska Supreme Court recognized that this rule is not an absolute bar to a claim of wrongful discharge. "In a number of jurisdictions, an exception to the internal `terminable at will' rule has been articulated in recent years. Under this exception, an employee may claim damages for wrongful discharge when the motivation for the firing contravenes public policy." Id. at 316.
Under traditional common law rules, an employment contract of an indefinite duration is generally terminable at "the will" of either party. However, various jurisdictions throughout the country have established the rule that employers do not enjoy an absolute or totally unfettered right to discharge even an at will employee. Tameny v. Atlantic Richfield Company, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980). Relying on Petermann v. International Brotherhood of Teamsters,174 Cal.App.2d 184, 344 P.2d 25 (1959), the court in Tameny stated that:
Thus, Petermann held that even in the absence of an explicit statutory provision prohibiting the discharge of a worker on such grounds, fundamental principles of public policy and adherence to the objectives underlying the state's penal statutes require the recognition of a rule barring an employer from discharging an employee who has simply complied with his legal duty and has refused to commit an illegal act. Id. at 1333-1334. The Court went on to specifically hold that "an employer's authority over its employee does not include the right to demand that the employee commit a criminal act to further its interests, and an employer may not coerce compliance with such unlawful directions by discharging an employee who refuses to follow such an order." Id. at 1336-1337.
You have posed several questions concerning the applicability of these amendments to specific situations. In particular, you have asked if an individual, while in another state, opposed a practice or refused to carry out an action which was illegal under the laws of that state but not illegal under the laws of the United States, would that individual upon coming to Nebraska be protected from discrimination under this bill? In order to answer your question, it is necessary to examine the language in subsection 11 of Section 48-1102. That subsection provides that "Unlawful under the laws of the United States or this State shall mean acting contrary to or in defiance of the law or disobeying or disregarding the law." You apparently foresee an ambiguity as to the exact definition of "laws of the United States or this State." The term "United States" has several meanings. The United States Supreme Court has indicated that: The term "United States" may be used in any one of several senses. It may be merely the name of a sovereign occupying the position analogous to that of other sovereigns in the family of nations. It may designate the territory over which the sovereignty of the United States extends, or it may be the collective name of the states which are united by and under the Constitution. Hooven Allison Company v. Evatt, 324 U.S. 652 at 671-72 (1944). Therefore, it would appear that the term "United States" encompasses all of the various states of the Union. In response to your question, an individual may not be terminated or discriminated against for refusing to carry out an action illegal under the laws of this or any other state, or of the United States. We would concede that an argument might be made to the contrary. To that extent, we would suggest that an amendment clarifying the language "laws of the United States or this State" may be appropriate.
You have also asked whether or not our State's jurisdiction extends to actions taken in Nebraska by an employer, employment agency, or labor union as reprisal for refusing to violate a law or opposing an unlawful practice while in another state. We would point out that the action in question is that taken by an employer, employment agency, or labor union in Nebraska. The location of the employee's activities is not relevant to the inquiry. Rather, it is the action taken by the employer, employment agency, or labor union in the State of Nebraska.
We hope that we have answered your questions concerning the amendments to LB 324. If we can be of further assistance to you in this regard, please contact the undersigned.
Very truly yours,
ROBERT M. SPIRE Attorney General
Ruth Anne E. Galter